1  MCGREGOR W. SCOTT
   United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900

6  Attorneys for Plaintiff
   United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-0095-TLN |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| IBIS A. LUIS-FLORES AND STEVEN C. SACHAROW, | DATE: January 10, 2019<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |
| Defendants. | |

**STIPULATION**

1. By previous order, this matter was set for status on January 10, 2019.

2. By this stipulation, defendant Ibis Luis-Flores now moves to continue the status conference until February 14, 2019, at 9:30 a.m., and to exclude time between January 10, 2019, and February 14, 2019, under Local Code T4. Defendant Steven Sacharow does not join in this stipulation.

3. Luis-Flores and the United States agree and stipulate, and request that the Court find the following:

    a)    The government has represented that the discovery associated with this case includes, among other things, a considerable number of investigative reports. The government has produced several hundred pages of reports and other investigative material, as well as many audio and video recordings and other items of surveillance taking up several DVDs.

    b)    Counsel for defendant desires additional time to consult with his client, to review

the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

    c)      Counsel for defendant Luis-Flores believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d)      The government does not object to the continuance.

    e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 10, 2019 to February 14, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

**[*Continued on following page*.]**

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 8, 2019

McGREGOR W. SCOTT
United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated:  January 8, 2019

/s/ DAVID D. FISCHER
DAVID D. FISCHER
Counsel for Defendant
IBIS A. LUIS-FLORES

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 8th day of January, 2019.

Troy L. Nunley
United States District Judge