PHILLIP A. TALBERT
Acting United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>                   v.<br><br>IBIS A. LUIS-FLORES AND<br>STEVEN C. SACHAROW,<br><br>                             Defendants. | CASE NO.  2:17-CR-0095-TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: November 18, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

By previous order, this matter was set for status on November 18, 2021.  By this stipulation and proposed order, the United States and defendant Ibis Luis-Flores respectfully request that the Court continue the status until January 13, 2022, and to exclude time under the Court's General Orders addressing public health concerns, as well as under Local Code T4, for the reasons set forth below.

Co-defendant Steven Sacharow has pleaded guilty in this matter and been sentenced, and therefore does not join in this stipulation.

On May 13, 2020, this Court issued General Order 618, suspending all jury trials in the Eastern District of California "until further notice."  Pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020, continuing this Court's judicial emergency, this Court has allowed district judges to continue all

1   criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the

2   declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

3          Although the General Orders and declarations of emergency address the district-wide health

4   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

5   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

6   findings" in a particular case.  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

7   record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

8   failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

9   (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

10  findings on the record "either orally or in writing").

11         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

13  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

14  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

15  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

16  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

17  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

18  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

19         The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

20  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

21  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

22  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

23  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

24  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

25  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow*

26  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

27

28         [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

1.    By this stipulation, the defendant, Ibis Luis-Flores, now moves to continue the status conference until January 13, 2022, at 9:30 a.m., and to exclude time between November 18, 2021, and January 13, 2022, under Local Code T4, and under the Court's General Orders.

2.    The parties agree and stipulate, and request that the Court find the following:

a)    The government has represented that the discovery associated with this case includes, among other things, a considerable number of investigative reports.  The government has produced several hundred pages of reports and other investigative material, as well as many audio and video recordings and other items of surveillance taking up several DVDs.

b)    Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

c)    Counsel for defendant believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)    The government does not object to the continuance.

e)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 18, 2021 to January 13, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and pursuant to the Court's General Orders, due to public safety concerns prompted by the COVID-19 pandemic.

3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  November 16, 2021                    PHILLIP A. TALBERT
                                             Acting United States Attorney

                                             /s/ JAMES R. CONOLLY
                                             JAMES R. CONOLLY
                                             Assistant United States Attorney


Dated:  November 16, 2021                    /s/ DAVID D. FISCHER
                                             DAVID D. FISCHER
                                             Counsel for Defendant
                                             IBIS A. LUIS-FLORES


## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 16th day of November, 2021.



                                             _____
                                             Troy L. Nunley
                                             United States District Judge